UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELLSPIN SOFT, INC.,<br>Plaintiff,<br>v.<br>CANON U.S.A., INC.,<br>Defendant. | Case No. 4:17-cv-05938-YGR (KAW)<br>**ORDER GRANTING DEFENDANT'S RENEWED EX PARTE APPLICATION FOR DEBTOR'S EXAMINATION**<br>Re: Dkt. Nos. 113, 114, 118, 119 |

On November 21, 2018, the Court granted Defendant Canon U.S.A., Inc.'s ex parte application for a debtor's examination, and set the judgment-debtor examination of Plaintiff Cellspin Soft, Inc. for February 21, 2019. (11/21/18 Order, Dkt. No. 110.) On February 21, 2019, the parties appeared, but they did not hire a court reporter, so the examination did not go forward. (Minute Entry, Dkt. No. 112.)

On March 5, 2019, Defendant filed a renewed ex parte application. (Dkt. Nos. 113 & 114.) On March 15, 2019, Plaintiff filed an opposition, in which it raised essentially the same unsuccessful arguments that it had raised previously. (Pl.'s Opp'n, Dkt. No. 115.) On March 22, 2019, Defendant filed its reply. (Defs.' Reply, Dkt. No. 117.)

On April 16, 2019, Defendant filed a second renewed ex parte application to notice the examination for May 16, 2019. (Def.'s Mot., Dkt. No. 118 & 119.) On April 23, 2019, Plaintiff filed a response that is virtually identical to the March 15 opposition. (Dkt. No. 120.)

**I.  DISCUSSION**

In its opposition, Cellspin again raises the arguments that the request is unduly burdensome, duplicative, harassing, and premature because the case is on appeal. (Pl.'s Opp'n at 10-14.) The Court disagrees for the reasons set forth in the November 21, 2018 order, and

1 incorporates that order herein. (*See* 11/21/18 Order at 2-3.)

2       Additionally, Plaintiff argues that it already appeared at the February 21, 2019 examination, so it should not have to appear again. (Pl.'s Opp'n at 16.) Plaintiff argues that its designee took an entire day off from work to be examined, but Defendants' failure to procure a court reporter prevented the examination from going forward. *Id.* Plaintiff argues that the examination could have been recorded using a smartphone, which would have been less burdensome than rescheduling the examination and requiring its corporate designee to appear again at a later date. *Id.* at 17. This argument is unavailing. While Defendants should have arranged for a court reporter to memorialize the original examination, Plaintiff brought a number of unmeritorious lawsuits against multiple defendants, who have since obtained judgments against it. Now, four defendant corporations in three related cases are coordinating to hold a single judgment-debtor examination instead of having Plaintiff undergo examination four times. Thus, while Defendants should have been prepared to go forward on February 21, Plaintiff's designee will only have to appear twice rather than four times, which is to his benefit.

      That the parties could have used a smartphone to record the proceedings, while perhaps novel, is not persuasive, because a court reporter can certify that the transcript is true and correct.

      Moreover, since the judgment-debtor examination was not held, California Code of Civil Procedure § 708.110(c) is inapplicable, and the Court may re-order the examination to occur at any time. *See* Cal. Civ. Proc. Code § 708.110(b).

      Accordingly, Defendants' renewed ex parte application is GRANTED.

///
///
///
///
///
///
///
///

## II. CONCLUSION

In light of the foregoing, Defendant's renewed ex parte application for an order requiring Cellspin Soft Inc. to appear for a judgment-debtor examination is GRANTED, and the examination is set for May 16, 2019 at 1:30 p.m. The parties are advised that they are responsible for hiring a court reporter for the proceeding, and that the district court will not assist them in procuring same.

IT IS SO ORDERED.

Dated: April 25, 2019

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge